PHILIP FRIEDMAN, PLAINTIFF, v. ABE KAUFMAN, I. LEVINE AND ALEX RUBENSTEIN, DEFENDANTS.

Decided February 16, 1932.

For the plaintiff, *Laurence Semel.*

For the defendants, *Abram I. Buestein.*

SMITH, S. C. C.  From my examination of the proof submitted on this motion it is quite apparent that the answer, in so far as it relates to the indebtedness of $1,500 on the notes, is sham.  The endorsement on the check "for balance due on acreage, complying with contract to Ralph A. Norton, Arthur McLean," is not any acknowledgement that it is in full payment of the purchase price under the contract.  It is quite evident that at the time of the endorsement the $1,500 was not due under the contract, and therefore it would not cover the two notes.

The application to strike out the answer as sham will be granted, but the proof is not sufficient to warrant the entry of judgment for more than the face of the notes and without costs.

There is no proof of the Florida law, and we must therefore construe them under our law, which makes them usurious and bars recovery for more than the face value of the indebtedness and does not permit the recovery of the interest or costs.

If the plaintiff decides to take judgment for this on the order striking out, he may do so; otherwise he may take the order striking out the answer and take an assessment of damages in open court. It will also be necessary for the jury to pass on the question of what is a reasonable counsel fee.